## JONATHAN H. KNIGHTS *vs.* DANIEL J. PAUL.

Under the Rev. Sts. *c.* 109, § 17, a claimant of funds in the hands of a trustee in foreign attachment may be admitted as a party for the first time on *scire facias* against a defaulted trustee.

SCIRE FACIAS against the defendant, who had been sued and defaulted in foreign attachment as the trustee of William B. Fenner. In the court of common pleas, at the return term of the *scire facias*, Joseph H. Merry appeared as claimant of the funds in the defendant's hands, and, against the plaintiff's objection, was admitted by *Morris*, J. as a party to the suit, and obtained judgment. The plaintiff alleged exceptions.

*A. G. Randall & C. Devens, Jr.*, for the plaintiff. A claimant's right to be admitted as a party to the suit depends entirely upon statute. *Foster* v. *Sinkler*, 4 Mass. 450. The statute, among the provisions regulating the original process, authorizes the admission of a claimant as a party. Rev. Sts. *c.* 109, §§ 17, 18. After judgment against the trustee, *scire facias* issues against him. § 38. And express provision is made for the trustee's answering further upon *scire facias*, and for protecting the plaintiff against costs where the trustee has unreasonably delayed answering. §§ 54, 55, 57. But there is no provision authorizing the claimant to appear for the first time on *scire facias*, or limiting his right to costs if he does; and it is unreasonable to allow a new party by coming in after judgment to throw additional costs on the plaintiff.

*C. R. Miles*, for the claimant.

METCALF, J. The Rev. Sts. *c.* 109, § 17, provide that " if it shall appear that any goods, effects or credits, in the hands of any supposed trustee, are claimed by any other person, by force of an assignment from the principal defendant, or otherwise, the court may permit such claimant to appear and maintain his right." The question on these exceptions is, whether such claimant can be permitted to appear, for the first time, on a *scire facias* brought against the supposed trustee, who made no answer in the original process, but was defaulted.

No time is prescribed by § 17, above cited, within which such claimant may be permitted to appear and maintain his right under an assignment. "If it shall appear," for the first time, on *scire facias* that such claim is made, we are of opinion that he may then be allowed to appear and maintain it. By § 41 of *c.* 109, the trustee himself, if he has not been examined in the original suit, may plead and prove any matter necessary or proper for his defence to the *scire facias.* Accordingly the present defendant set forth, in answer to this *scire facias*, an assignment to Joseph H. Merry of the balance due from the defendant to Fenner, and Merry thereupon moved for leave to become a party to this suit. We think the motion was rightly granted. *Exceptions overruled.*